[Civ. No. 20354. First Dist., Div. Three. Apr. 11, 1963.]

GEORGE DUFOUR, Plaintiff and Appellant, v. HENRY J. KAISER COMPANY, Defendant and Respondent.

[Civ. No. 20355. First Dist., Div. Three. Apr. 11, 1963.]

SVEN HANSEN et al., Plaintiffs and Appellants, v. HENRY J. KAISER COMPANY, Defendant and Respondent.

(Consolidated Cases.)

Lucas, Wyckoff, Miller, Stanley, Scott & Bennett, Stephen Wyckoff and Ronald K. Dunton for Plaintiffs and Appellants.

Cushing, Cullinan, Hancock & Rothert, John Hancock, Douglas M. Phillips, Thelen, Marrin, Johnson & Bridges and Douglas B. Hughmanick for Defendant and Respondent.

DRAPER, P. J.—Two actions for property damage were consolidated for trial and on appeal. Jury verdict was for defendant in each case, and plaintiffs appeal from the judgments.

Plaintiffs' business is the raising of trout for sale. Plain-

tiff Dufour owns the land upon which these businesses are conducted, including springs which furnish water used in Dufour's operation as well as that of Hansen, who leases part of the Dufour property. From these springs, the land slopes upward, and defendant owns the higher ground immediately adjoining that of Dufour.

The watershed draining into plaintiffs' springs area consists of some 606 acres in two canyons. A coffer dam was constructed by defendant in Canyon No. 1, and no damage from runoff of that canyon is here claimed. Some 326 acres drained into Canyon No. 2, runoff from which is claimed to have caused the damage which is the subject of this action. Of this total area, 32 acres were owned by defendant. In preparation for quarrying sand, defendant had removed the vegetation from 10 acres, and had stripped the topsoil from 3 of the 10.

Heavy rains fell in this area September 17 through 19, 1959, with some 8 inches of rainfall in one 24-hour period. Sand was washed down Canyon No. 2 into plaintiffs' springs, catch basin, and fish raceways, killing substantial numbers of fish. There is evidence that defendant knew much earlier that introduction of sediment into the water would kill fish. Plaintiffs seek damages for loss of the fish and for injury to the spring and catch basin.

The trial court gave an instruction on unavoidable accident, in the form set forth in BAJI (4th rev. ed.) 134 (but withdrawn in the 1959 pocket part). In 1958, this instruction was held to be erroneous (*Butigan* v. *Yellow Cab Co.*, 49 Cal.2d 652 [320 P.2d 500]). Whether such error is prejudicial depends on all the circumstances of the case, including the other instructions given (*id.*, p. 661). Decisions holding the instruction not prejudicial to a plaintiff because of strong evidence of contributory negligence (*Pobor* v. *Western Pacific R.R. Co.*, 55 Cal.2d 314 [11 Cal.Rptr. 106, 359 P.2d 474]; *Rayner* v. *Ramirez*, 159 Cal.App.2d 372 [324 P.2d 83]), do not aid this defendant. Here the jury was not instructed on contributory negligence because there was no evidence to support that defense. There is support for the view that the instruction standing alone was prejudicial (see *Yockel* v. *Hatley*, 172 Cal.App.2d 1 [341 P.2d 816]). We need not determine this question, however, since we have concluded that this instruction, coupled with that on act of God, unduly emphasized defense contentions, and that the cumulative effect of the

two instructions was to blur the jury's view of the real issues —foreseeability of the heavy rain and its harmful results.

■ The instruction on act of God emphasized foreseeability of the rainstorm which did occur, and stated that "if injuries result from a storm which could not reasonably have been anticipated, . . . as to the amount of precipitation . . . then any injury resulting from a failure . . . to anticipate such a storm . . . results from an act of God for which no one is responsible." This overstates the rule, since it excuses any and all injury if the storm were not foreseeable. In fact, the exculpatory rule applies only when human agency does not participate in proximately causing the harm. If defendant's negligence combines with an "act of God" to cause injury, liability will result (*London Guar. & Acc. Co., Ltd.* v. *Industrial Acc. Com.,* 202 Cal. 239 [259 P. 1096, 54 A.L.R. 1392]; *Newman* v. *City of Alhambra,* 179 Cal. 42 [175 P. 414]; *Learned* v. *Castle,* 78 Cal. 454 [18 P. 872, 21 P. 11]).

■ Aside from this error, the combination of an instruction on "act of God" and one on "unavoidable accident" results in unwarranted emphasis on defense contentions. The human tendency to attribute success to self and failure to fate has not achieved the status of an exculpatory rule of law. Yet to superimpose these two instructions on the already full and fair definitions of negligence and proximate cause, the real issues in the case, is to cater unduly to that tendency.

■ Plaintiffs also assert error in the court's refusal to instruct on nuisance and trespass as grounds of liability.

To establish liability for private nuisance, plaintiffs must show that defendant's conduct fell into one of three classes (Prosser on Torts (2d ed.) p. 392). The evidence in this record wholly fails to show such ultrahazardous or abnormal conduct as would impose strict liability. No malice is shown, and thus a claim of intentional nuisance could be made only on evidence that defendant had actual knowledge that the harm to plaintiffs was substantially certain to follow its act of clearing part of its land (*id.,* p. 392; Rest., Torts, § 825, com. a). There is grave doubt that on the evidence such an instruction was warranted. Moreover, the offered definition of this ground of liability wholly omitted the essential element of knowledge. The third basis for asserting nuisance is negligence. As to this the jury was fully instructed. Nothing would have been added by terming the claimed negligence a "nuisance." ■ Damages in "nuisance" or negligence are

similarly measured. On the particular facts shown at this trial, precisely the same evidence which would establish negligence would also establish "nuisance" based on negligent conduct. Thus plaintiffs had the full benefit of this ground of recovery. They cannot assert prejudice in the court's refusal to instruct upon the two grounds of nuisance liability which were more difficult to establish, although we do not hold that it would have been error to give a proper instruction on nuisance.

 Trespass is neither pleaded nor mentioned in the pretrial order. Upon the record now before us, refusal of instruction thereon was not error. Nor could it be prejudicial, since the proffered instruction required that there be "substantial certainty" that sand and silt would enter upon plaintiffs' land as a result of defendant's clearing operations. The instruction on negligence required only that this result be reasonably foreseeable, thus imposing a lesser requirement on plaintiffs. Moreover, trespass of the sort here asserted imposes liability only if that trespass is intentional, the result of recklessness or negligence, or results from ultrahazardous activity (*Gallin* v. *Poulou*, 140 Cal.App.2d 638, 645 [295 P.2d 958]). As pointed out in our discussion of nuisance, the only possible claim of trespass on the facts here must be based on negligence, an issue on which full instructions were given.

On the pleadings, pretrial order, and evidence in the record before us, no error prejudicial to plaintiffs resulted from the refusal of the offered instructions on nuisance and trespass. A substantially different record on retrial may result from amendment of pleadings and pretrial order, from differences in the evidence then adduced, and modification of the offered instructions. Obviously, we cannot predict such variations, and must leave to the trial court the question whether the record on retrial requires or permits instructions on nuisance or trespass.

Judgments reversed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied May 7, 1963, and respondent's petition for a hearing by the Supreme Court was denied June 4, 1963.