**ALLSTATE INSURANCE COMPANY, an Illinois Corporation, Plaintiff,**

v.

**Lisa L. LaPORE and Mark D. Jozwiak, Defendants.**

**No. C 90–20620 JW.**

United States District Court, N.D. California.

March 29, 1991.

Paul E.B. Glad and Michael A. Barnes of Sonnenshein Nath & Rosenthal, San Francisco, Cal., for plaintiff.

Steven R. Levy of Ison & Levy, San Jose, Cal., for defendants.

## ORDER GRANTING ALLSTATE'S MOTION FOR JUDGMENT ON THE PLEADINGS

WARE, District Judge.

### I. INTRODUCTION

By the instant motion for judgment on the pleadings, Allstate Insurance Company ("Allstate") seeks a declaration that it has no duty to defend or indemnify its insured, Lisa LaPore, in a defamation action filed in state court by Mark Jozwiak. Allstate contends that (1) the policy only covers "accidents," and defamatory statements may not be accidentally uttered; and (2) the policy only covers "bodily injury" and "property damage," and defamation damages do not constitute either one. Good cause appearing therefor, plaintiff's motion for judgment on the pleadings is hereby granted.

### II. STATEMENT OF FACTS

The following facts are undisputed. At all times relevant to this action, Allstate insured defendant Lisa LaPore ("LaPore") under a policy of homeowner's insurance. Ms. LaPore has been sued in the underlying action, Santa Clara Superior Court Case No. 691820, by defendant Mark D. Jozwiak ("Jozwiak" or "claimant").[1] In his complaint, Jozwiak alleges that Ms. LaPore falsely publicized in October 1988 and December 1988 that she had sexual intercourse with Jozwiak on at least two occasions. Mr. Jozwiak alleges damages of "loss of reputation, shame, mortification and hurt feelings" and "injury to his occupation." Jozwiak asserts claims for slander, slander *per se*, libel and libel *per se*, and seeks general, special, and punitive damages.

In her answer in the underlying action, Ms. LaPore has asserted that her statements were true. In her response to interrogatories and requests for admissions pro-

---

1. Defendant Jozwiak, who has not filed an answer, has agreed to be bound by this Court's ruling on the policy's coverage. Stipulation, filed December 18, 1990.

pounded by Jozwiak, Ms. LaPore reasserted that the statements were true.

Ms. LaPore tendered her defense of the underlying action to Allstate, which agreed to defend the underlying action under a reservation of rights.

## III. DISCUSSION

■ A motion brought pursuant to Federal Rule of Civil Procedure 12(c) should be granted if it is clear from the pleadings that there is no triable issue of fact and that the moving party is entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner and Co.*, 883 F.2d 1429, 1436 (9th Cir.1989). The construction of an insurance policy is a matter of law for the court in the absence of a genuine dispute as to the material facts. *Continental Casualty Co. v. City of Richmond*, 763 F.2d 1076, 1079 (9th Cir.1985).

### A. *Allstate's Duty to Defend*

Ms. LaPore's policy provides that "Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damages arising from an accident and covered by this part of the policy." Allstate Policy, at 23, Exhibit A to Complaint.

■■ The insurer has the duty to defend the insured against loss of the nature and kind against which it was insured. *Dyer v. Northbrook Property & Casualty Co.*, 210 Cal.App.3d 1540, 1547, 259 Cal. Rptr. 298 (1989), *citing Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). By negative implication, the insurer has no duty to defend the insured against loss of the nature and kind that is not within the coverage of the policy. *Id.* Where the scope of the basic coverage is at issue, as it is here, the insured has the burden of showing that the event is a claim within the scope of the basic coverage. *Hartford Fire Ins. Co. v. Karavan Enterprises, Inc.*, 659 F.Supp. 1075, 1076 (N.D.Cal.1987), *citing Royal Globe Insurance Co. v. Whitaker*, 181 Cal. App.3d 532, 537, 226 Cal.Rptr. 435 (1986). Thus, Ms. LaPore must prove that the underlying action arises from an "accident," and that the underlying action seeks damages on account of "bodily injury" or "property damage."

While acknowledging that the duty to defend is broader than the duty to indemnify, the Court finds that Ms. LaPore's statements were not accidental, and that Mr. Jozwiak seeks personal injury damages, rather than damages for bodily injury or property damage.

### B. *The Underlying Action*

The underlying action fails to seek damages falling within the potential coverage of the policy, because Ms. LaPore's allegedly defamatory statements were not accidentally or negligently uttered, and the damages sought by Mr. Jozwiak are for personal injuries, rather than for bodily or property damage.

#### 1. *The Underlying Action Fails to Allege Accidental Conduct*

■ The California Supreme Court has defined the term "accident" as it appears in a liability policy to mean "an unexpected, unforeseen, or undesigned happening or consequence from either a known or unknown cause." *Hogan v. Midland National Ins. Co.*, 3 Cal.3d 553, 559, 91 Cal.Rptr. 153, 476 P.2d 825 (1970). LaPore contends that the term "accident" is ambiguous because it is not defined in the policy. Yet, where a term has been judicially construed, it is not ambiguous, and courts should apply the judicial construction given in previous decisions. *Bartlome v. State Farm Fire & Cas. Co.*, 208 Cal.App.3d 1235, 1239, 256 Cal.Rptr. 719 (1989).

■ Cases construing the accidental act restriction focus not on the intent of the insured to cause harm, but rather upon the *nature* of the harmful act itself. *American Guar. & Liab. Ins. Co. v. Vista Medical Supply*, 699 F.Supp. 787, 790 (N.D.Cal. 1988). Where the insured intended all of the acts that resulted in the victim's injury, the event may not be deemed an "accident" merely because the insured did not intend to cause injury. *Merced Mutual Ins. Co. v. Mendez*, 213 Cal.App.3d 41, 50, 261 Cal. Rptr. 273 (1989).

■ Defamation, which includes libel and slander, is *intentional* tort which requires proof that the defendant intended to publish the defamatory statement. 5 Witkin, *Summary of California Law* § 471 (9th ed.1989). The very nature of defamation precludes the conclusion that it can occur "accidentally." In addition, the facts of this case demonstrate that Ms. LaPore's allegedly defamatory statements were not uttered accidentally. Ms. LaPore apparently made the statements in the context of a military inquiry (both LaPore and Jozwiak are military employees), and reasserted the statements' veracity throughout this lawsuit and the underlying action. The statements were not made "accidentally."

### 2. The Underlying Action Fails to Allege Conduct Which Resulted in Bodily Injury

■ Allstate's policy requires it to "pay damages which an Insured person becomes legally obligated to pay because of bodily injury or property damage." Allstate Policy, at 23, Exhibit A to Complaint. The policy defines "bodily injury," in relevant part, as "physical harm to the body, including sickness or disease, and resulting death[.]" *Id.* at 3, ¶ 4. Jozwiak's complaint alleges that as a result of being defamed, he suffered "loss of his reputation, shame, mortification and hurt feelings" and "injury to occupation." Underlying Complaint, ¶¶ 8–9, attached as Exhibit B to the Complaint herein. The issue before the Court is whether the coverage for "bodily injury," as defined in the policy, encompasses the damages which Jozwiak seeks to recover. *See Allstate Ins. Co. v. Diamant*, 401 Mass. 654, 518 N.E.2d 1154, 1156 (1988).

It is well settled in insurance law that "bodily injury" and "personal injury" are not synonymous, and that these phrases have two distinct definitions. *Id., citing* 7A J. Appleman, *Insurance Law and Practice* § 4501.14 (Berdal ed.1979). The term "personal injury" is broader and includes not only physical injury but also any affront or insult to the reputation or sensibilities of a person. "Bodily injury," by comparison, is a narrow term and encompasses only physical injuries to the body and the consequences thereof. *Id.; see also* 2 R. Long, *The Law of Liability Insurance* § 10.05 at 10–13 (1988).

Defamation, which is composed of the twin torts of libel and slander, is an impairment of a "relational" interest, since it involves the plaintiff's interest in his or her reputation in the community and good name. W. Keeton, *Prosser And Keeton On Torts* § 111 at 771 (5th ed.1984); *see Lumbermen's Mutual Cas. Co. v. United Services Auto. Assn.*, 218 N.J.Super. 492, 528 A.2d 64, 66 (App.Div.1987). Although there appear to be no California decisions on the matter, courts in other jurisdictions and commentators find that slander and libel are not "bodily injury" within the meaning of a homeowner's liability policy. *See Lumbermen's*, 528 A.2d at 66; *Aker v. Sabatier*, 200 So.2d 94, 96 (La.App.1967), *review denied*, 251 La. 49, 202 So.2d 658 (1967); *Employers Mutual Liab. Ins. Co. v. Hendrix*, 199 F.2d 53, 59 (4th Cir.1952) [South Carolina law]; 2 R. Long, *The Law of Liability Insurance* § 10.05 at 10–13 (1988); 7A J. Appleman, *Insurance Law and Practice* § 4501.14 at 286 (Berdal ed. 1979).

Mr. Jozwiak's claims for injury to his reputation do not constitute "bodily injury," but rather constitute "personal injury." Because the Allstate policy purchased by Ms. LaPore covers only "bodily injury," Allstate has no duty to defend or indemnify her in the underlying action in which no "bodily injury" is alleged.

## IV. CONCLUSION

Because Jozwiak has not suffered "bodily injury ... arising from an accident," Allstate's motion for judgment on the pleadings is hereby granted. Allstate has no duty to defend or indemnify its insured, Lisa LaPore, in the underlying state court action, Santa Clara Superior Court Case No. 691820.

IT IS SO ORDERED.