AMERICAN STATES INSURANCE
COMPANY, Plaintiff,

v.

CRAWLEY CONSTRUCTION,
INC., et al., Defendants.

No. C–90–843 RHS.

United States District Court,
N.D. California.

Nov. 5, 1991.

Kathleen E. Hegen, Boornazian, Jensen & Garthe, Oakland, Cal., for plaintiff.

Peter M. Stanwyck, Susan Mayper, Law Offices of Peter M. Stanwyck, Oakland, Cal., for defendant Crawley Const. Inc.

ORDER

SCHNACKE, District Judge.

Presently under submission in this civil action are the summary judgment motions of plaintiff American States Insurance Company (hereinafter, "American States Insurance") and defendant Crawley Construction, Inc. (hereinafter, "Crawley Con-

struction"). Each motion is opposed, and reply briefs in support of each motion have been filed.

The diversity action at bar arises out of a liability-insurance policy and amended cross-complaints. In the policy, American States Insurance agrees to defend and indemnify Crawley Construction against claims of "property damage" and "bodily injury" caused by an "occurrence." The amended cross-complaints: (a) were filed in an Alameda County Superior Court action (hereinafter, "the state-court action") wherein Crawley Construction was plaintiff; and (b) were directed in part against Crawley Construction.

The action at bar was commenced during the pendency of the state-court action, which later was settled. American States Insurance's latest pleading in the action at bar is the second amended complaint, which prays for reimbursement for costs and attorney's fees incurred, and indemnity payments made, by American States Insurance on behalf of Crawley Construction in the state-court action. The prayer for reimbursement is based on the proposition that, in connection with the state-court action, American States Insurance had no duty to defend or indemnify.

■ The duty to defend is broader than the duty to indemnify, but an insurer has no duty to defend if none of the relevant loss is within the coverage of the policy [see *Allstate Ins. Co. v. LaPore*, 762 F.Supp. 268, 270 (N.D.Cal.1991)]. It is undisputed that the amended cross-complaints against Crawley Construction did not relate to "bodily injury." And contrary to Crawley Construction's assertion, these amended cross-complaints: (a) simply did not relate to "property damage," which the policy defines as physical injury to, destruction of, or loss of use of, tangible property; but instead (b) sought monetary relief based on loss of profits, which loss allegedly resulted from inadequate construction of a fuel-tank farm.

Thus, the policy: (a) does not cover the causes of action in the amended cross-complaints; and (b) does not impose on American States Insurance, in connection with the state-court action, any duty to defend or indemnify.

■ Furthermore, in a 17 November 1988 letter that is an exhibit to Crawley Construction's answer to the second amended complaint, American States Insurance's counsel informed Crawley Construction's counsel that if

the coverage issues are ultimately decided in favor of American States [Insurance, American States Insurance] shall look to [Crawley Construction] for reimbursement of attorneys' fees, costs, and any moneys we have paid pursuant to a reasonable settlement or judgment and which are not within the terms or [the] conditions of this policy.

This letter: (a) constitutes an adequate and unambiguous reservation of American States Insurance's right to seek the reimbursement that is prayed for in the second amended complaint; and (b) does not indicate that American States Insurance waived its right to seek, during the pendency of the state-court action, declaratory relief to the effect that there is no duty to defend or indemnify.

Such declaratory relief, rather than reimbursement, was prayed for in the pleadings—a complaint and a first amended complaint—that American States Insurance filed in the action at bar before settlement of the state-court action. American States Insurance's second amended complaint was filed after settlement of the state-court action, and there is no good reason to require that American States Insurance's seeking of reimbursement occur, if at all, in a new action, rather than in the action at bar. Indeed, Crawley Construction does not suggest that reimbursement, if any, should be in an amount less than the $90,032.41 sought by American States Insurance.

■ Crawley Construction contends, though, that by seeking declaratory relief and by other conduct, American States Insurance has been guilty of wrongdoing that precludes any reimbursement. Such alleged wrongdoing was the subject of a counterclaim by Crawley Construction in the action at bar. But in view of Crawley

Construction's voluntary without-prejudice dismissal of the counterclaim, it would be inappropriate to use the alleged wrongdoing as a basis for precluding any reimbursement.

This District Court hereby: (a) determines that, as a matter of law, American States Insurance is entitled to $90,032.41 reimbursement; (b) grants American States Insurance's summary judgment motion; (c) denies Crawley Construction's summary judgment motion; and (d) denies all motions and requests to strike, in connection with the summary judgment motions.

■ Because American States Insurance's entitlement to reimbursement is being established only in the present order and the accompanying judgment, there will be no prejudgment interest in the action at bar [see *Omaha Indem. Ins. Co. v. Cardon Oil Co.*, 687 F.Supp. 502, 505 (N.D.Cal. 1988), *aff'd without published opinion*, 902 F.2d 40 (9th Cir.1990)].