Robert E. BAILEY, Frances C. Bailey, Joy A. Garcia, Daniel R. Garcia, William R. Smith and Betty Smith, Plaintiffs,

v.

**STATE FARM INSURANCE CO., Fidelity National Title Insurance Co., Defendants.**

**No. C–91–3739 FMS.**

United States District Court, N.D. California.

Nov. 23, 1992.

Laura A. Bryan, Bryan and Beckwith, Woodside, CA, for plaintiffs.

Lawrence A. Baker, Haims Johnson MacGowan & .McInerney, Oakland, CA, Kelly D. Feese, Irvine, CA, and Laura S. Lowe, Walnut Creek, CA, for defendants.

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY . JUDGMENT

FERN M. SMITH, District Judge.

### INTRODUCTION

Plaintiffs Robert E. Bailey and Frances C. Bailey ("the Baileys") are the owners of fee title to real property located at 1892 Cummings Road, Brentwood, California. The Baileys brought an action against State Farm Insurance Co. ("State Farm") and Fidelity National Title Insurance Co. ("Fidelity") for Declaratory Relief. The Baileys claim that State Farm and Fidelity breached their respective duties to defend and indemnify the Baileys in an underlying lawsuit in state court. Both State Farm and Fidelity have brought separate motions for summary judgment. For the reasons set forth below, State Farm's and Fidelity's motions for summary judgment are GRANTED.

### BACKGROUND

In 1989, the Baileys purchased their property from Billy Joe and Melba Dean Norris. The Grant Deed was signed on May 19, 1989. The deed granted fee ownership in Parcel D, with various areas ex-cepted out from fee ownership.[1] A nonexclusive right of way over the easement was included in the Grant Deed.

In connection with their purchase, the Baileys opened an escrow with Fidelity. The land described in the Preliminary Report was Parcel D, with the same exceptions as those contained in the Norris Grant Deed, and a nonexclusive right of way over the easement. The escrow instructions did not alter the description of the land as stated in the Preliminary Report; accordingly, a policy of title insurance was issued covering the land as described above.

In October 1990, the Baileys were sued in state court by Myron T. Flagg and B. Jeanne Airriess for allegedly interfering with their use of a "public right of way" known as South Cummings Road ("*Flagg* litigation"). Flagg and Airriess alleged that the Baileys and others installed a series of railroad ties and posts alongside, perpendicular to, and into the roadway. They also alleged that the Baileys and others altered the roadway by removing portions of a concrete edging.

On December 31, 1990, Flagg and Airriess filed a first amended complaint in which they sought to quiet title to an "easement" in South Cummings Road which they claimed by prescription (Second Cause of Action), implication (Third Cause of Action), balancing of hardships (Fourth Cause of Action) and estoppel based on the representations and conduct of the seller and common owner of Flagg's parcel (Fifth Cause of Action). Flagg and Airriess also sought an injunction preventing the Baileys and their co-defendants from interfering with their use of the claimed right of way (First Cause of Action). In addition, Flagg and Airriess alleged Intentional Infliction of Emotional Distress (Ninth Cause of Action) and Intentional Interference with Economic Relationship (Tenth Cause of Action) against the Baileys and others. Finally, Flagg and Airriess alleged that Frances

1. The Baileys' parcel is the fourth of four parcels created by William and Betty Smith in 1969, and known as Parcel D. When the legal descriptions were prepared, an access easement was created to benefit Parcel D. However, the fee ownership of the easement area that touches Parcel D remained with the Smiths.

Bailey had slandered Flagg (Eleventh Cause of Action).

The Baileys had purchased a Homeowners Policy—Extra Form 5 from State Farm. That policy covered, under Section II—Liability Coverages, "damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence ..." and provided for a duty to defend. The policy defines the term "occurrence" to mean an accident.

The Baileys tendered defense of the *Flagg* litigation to State Farm. Several months later, the Baileys received a letter from State Farm dated June 19, 1991, stating that State Farm had concluded the Baileys' policy did not cover the damages complained of in the underlying action. State Farm denied coverage or defense because there was no "property damage" or "occurrence" under the terms of the policy. State Farm asserts, among other things, that the Baileys intentionally altered South Cummings Road, and an intentional act cannot be an accident.

The Baileys admit they intentionally and deliberately dumped some rock on the roadway and installed the railroad ties on the side of the roadway. They contend that because they did not intend to injure Flagg and Airriess, but intended merely to improve their property, their conduct is covered under the policy.[2] Essentially, they contend that the term "occurrence" should be applied to the consequences of the act, and not the act itself.

The Baileys also assert that the *Flagg* litigation is a challenge to their title and their title insurer had a duty to defend. The Baileys tendered the defense to Fidelity. Fidelity refused to provide a defense on the basis that the title policy did not cover the allegations in the *Flagg* litigation.

## DISCUSSION

*I. State Farm's Summary Judgment Motion*

■ The duty to defend requires an insurance company to defend its insured against any loss potentially covered by the insurance policy. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1364 (9th Cir.1991); *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 275, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). The insured initially bears the burden of demonstrating that the claim is potentially within the scope of the basic coverage. *Chamberlain*, 931 F.2d at 1364. In this case, the Baileys must show that the underlying action arose from an accident and that there was property damage.

■ The Ninth Circuit and other courts in this district have held that if the underlying action was intentional, the subject matter of the action does not constitute an accident triggering a duty to defend or indemnify. *Chamberlain*, 931 F.2d at 1365 (claims by former cohabitant for constructive trust, breach of implied contract and intentional infliction of emotional distress arising from termination of twelve-year relationship not "accidental"); *Allstate Ins. Co. v. LaPore*, 762 F.Supp. 268 (N.D.Cal. 1991) (claims of defamation arising from insured's allegations of sexual relations with plaintiff not "accidental"); *Allstate Ins. Co. v. Salahutdin*, No. C–91–4492 EFL (N.D.Cal. May 15, 1992).

In *Salahutdin*, the insureds sought coverage under their homeowners policy for a claim by their neighbors for intentional infliction of emotional distress. The claim arose out of a dispute over the ownership of a strip of land between their properties. Insureds' neighbors began building a fence in the disputed land, using a string to align the fence. One of the insureds, upset that her neighbors were building a fence on what she believed to be her property, removed the string. Insureds tendered the defense of the claim to their insurer, but the insurer refused on the basis that the insured's conduct was intentional and their policy only covered "damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an accident ..." In

2. The Baileys maintain that they were informed and believed that they owned the road to the midline, the other half belonging to their neighbors, the McCauslands. They have also stated that they did not believe that Flagg or Airriess had any claim or right to use the driveway.

granting summary judgment in favor of the insurer, the court held that an insurance coverage provision which covers "damages arising out of an accident" does not cover acts intended by the insured, regardless of whether the insured intended the resulting damage. *Salahutdin,* No. C–91–4492 EFL, slip op. at 9. The court reasoned that the act of removing the string remains the "crucial act" for coverage purposes because the insured's motive for acting in this manner does not change the fact that the damage resulted from an intentional act. *Id.* at 7. Therefore, the court considered the insured's motive to be irrelevant. *Id.; see also Chamberlain,* 931 F.2d at 1365.

The facts of *Salahutdin* closely resemble the facts of this case. The Baileys intentionally installed a series of railroad ties in the roadway and removed portions of the road's concrete edging. The Baileys assert that their motives were to improve "their property," and not to injure Flagg and Airriess. Under the persuasive reasoning of *Salahutdin,* the Baileys' actions are the "crucial acts" for coverage purposes; they cannot be considered accidental merely because they did not intend to harm Flagg and Airriess.[3]

This Court's decision in *Allstate Insurance Co. v. Vavasour,* 797 F.Supp. 785 (N.D.Cal.1992), does not apply to the Baileys' situation for two reasons. First, in *Vavasour,* a trespass claim was involved. Because California law provides that trespass may be negligent, reckless, or the product of ultrahazardous activity, and not necessarily intentional, the alleged trespass could have been "accidental." *Id.* at 788. Second, the Vavasours had a good faith belief that the driveway they were using was their sole and exclusive property. Because the Vavasours' conduct may have been devoid of intent or knowledge, *Chamberlain, LaPore* and *Salahutdin* were distinguishable. *Id.*

As discussed above, the Baileys' conduct was intentional. Moreover, the Baileys' Grant Deed to Parcel D excepted out from fee ownership various areas, including the easement created by the Smiths. Because the Grant Deed specifically provides a non-exclusive right of way over the easement, the Baileys are charged with this knowledge. In *Salahutdin,* the insureds had notice of the disputed property right. In this case, the Grant Deed provides similar notice. Because the Baileys' conduct was intentional *and* deliberate, the Court grants defendant State Farm's motion for summary judgment.

## II. Fidelity's Summary Judgment Motion

Fidelity's alleged liability is based on three different theories. First, the Baileys assert that Fidelity had a duty to defend under the terms of the policy itself. Second, the Baileys argue that even if no duty to defend exists, Fidelity was negligent for failing to correct the 1989 Grant Deed. Finally, the Baileys assert that Fidelity's predecessor in interest, Western Title Insurance Company ("Western") negligently prepared the original legal description of the property in 1969. None of these theories survives Fidelity's motion for summary judgment.

### A. Duty to Defend Under The Policy

█ Fidelity's title insurance policy required Fidelity to defend lawsuits which present a challenge to the title as described in Schedule A of the policy. Declaration of Laura S. Lowe ("Lowe Decl."), Exh. 6. Schedule A expressly describes the property as including Parcel D plus "rights granted in the deed to Billy Joe Norris, et ux, recorded August 23, 1979 [which are] a right of way (*not to be exclusive*) for use as a roadway ..." *Id.* (emphasis added). The underlying *Flagg* litigation did not seek to deny the existence of the Baileys' rights in the easement, but only sought a declaration that the Baileys' rights were not exclusive. A decision against the Bai-

---

**3.** The parties also dispute whether the damages claimed constitute "property damage" as defined under the policy. In light of the Court's ruling that there is no coverage because the claimed damage does not arise from an "accident," the Court need not consider this additional issue.

leys would not be inconsistent with the title to the property as described in Schedule A. Since *Flagg* did not challenge the title as insured by Fidelity, Fidelity had no duty to defend.

Moreover, the title policy contained express exclusions for lawsuits based on easements not contained in the public records. Lowe Decl., Exh. 8 (Schedule B of the policy excludes, "easements, liens, encumbrances, or claims thereof, which are not shown by the public records"). The *Flagg* litigation asserted a right to the easement by prescription, implication, balancing of hardships, and estoppel. None of these would appear in the public records. Strictly construing the policy exclusion against Fidelity, the claims in the *Flagg* litigation are plainly excluded from coverage under the policy.

#### B. Fidelity's Negligence

 The Baileys argue that Fidelity had a duty to provide fee title to the easement when they acted as the escrow agent in 1989. Fidelity could only transfer the interest that was previously owned by the seller, Norris. Norris did not have fee title to the easement because his ownership was subject to the non-exclusive right of way provided in the grant deeds. Fidelity had neither a duty nor a right to provide the Baileys with a property interest that Norris never owned.

#### C. Western's Negligence

 Even if the Baileys can show that Western prepared the original legal description in 1969, that claim is barred by the applicable statute of limitations. The claim against Western is based on negligence; therefore, the applicable statute of limitations is one-year. Cal.Code Civ.P. § 340.[4]

 The Baileys correctly note that the period may be equitably tolled until discovery of the defective title becomes possible.

Because the Baileys' Grant Deed expressly informed them of the existence of a non-exclusive easement, however, they had inquiry notice of the potential problem as soon as their deed was executed on May 19, 1989. Lowe Decl., Exh. 4. The statutory period thus began on that date and expired on May 19, 1990.

### CONCLUSION

For the reasons stated above, the Court hereby GRANTS State Farm's motion for summary judgment and hereby GRANTS Fidelity's motion for summary judgment. Judgment shall be entered for defendants, in accordance with this Order, and the clerk shall close the file.

SO ORDERED.

### JUDGMENT

For the reasons stated in the Order Granting Defendants' Motions For Summary Judgment of this date, judgment is hereby entered in favor of Defendants State Farm Insurance Co. and Fidelity National Title Insurance Co. and against Plaintiffs Robert E. Bailey and Frances C. Bailey.

SO ORDERED.

---

4. The Baileys contend that the applicable period is two-years under Cal.Code Civ.P. § 339(1) because the action arises under a title policy. The negligence claim based on Western's conduct in 1969, twenty years before the Baileys were issued title insurance, does not arise under any title policy. It is a garden-variety negligence claim and is subject to the one-year statute in § 340.