142 F.3d 1145
 98 Cal. Daily Op. Serv. 3078, 98 Daily Journal
D.A.R. 4241
BLUE RIDGE INSURANCE CO., a Maryland corporation, Plaintiff-Appellee,
v.
Kathy STANEWICH, et al., Defendants,
and
Donald Van Ort; Helen Van Ort, Defendants-Appellants.
 No. 96-55839.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 8, 1997.
Decided April 24, 1998.
 
 Paul J. O'Rourke, Jr., McCormick, Barstow, Sheppard, Wayte & Carruth, Fresno, California, for plaintiff-appellee.
 Dwight F. Ritter, San Diego, California, for defendants-appellants.
 Appeal from the United States District Court for the Southern District of California; Irma E. Gonzalez, District Judge, Presiding. D.C. No. CV 93-1173 IEG.
 Before: REINHARDT and TASHIMA, Circuit Judges, and SHADUR, District Judge.*
 TASHIMA, Circuit Judge:
 
 
 1
 Donald Van Ort and his grandmother, Helen Van Ort (the Van Orts), appeal the district court's grant of summary judgment to Blue Ridge Insurance Company (Blue Ridge). The district court held that Blue Ridge had no duty to indemnify or defend Kathy Stanewich, administratrix of the Estate of Michael Stanewich, in the underlying civil rights/tort action brought by the Van Orts. We affirm.
 
 BACKGROUND
 
 2
 The undisputed facts are as follows. In 1991, Michael Stanewich, a detective with the San Diego County Sheriff's Department, led a narcotics search of the Van Ort home. The officers did not find any illegal drugs or contraband. During the search, Stanewich learned that the Van Orts kept over $100,000 in cash and other valuables in a safe. Approximately a month later, Stanewich, wearing a stocking mask over his head and with his gun drawn, returned to the Van Ort home and forced his way into the house. Stanewich pushed Donald Van Ort onto the kitchen floor, hog-tied him, placed a pillow case over his head, and tied a rope around his head. Stanewich forced Helen Van Ort into a squatting position in the kitchen corner. Stanewich demanded that Donald Van Ort tell him the safe combination and, after Donald Van Ort refused, Stanewich began pouring lighter fluid on him. Stanewich also punched, kicked, and placed his hands over Donald Van Ort's face until he lost consciousness. Stanewich then forced Helen Van Ort into the living room, placed a cloth in her mouth and threatened to shoot her. Stanewich asked Helen Van Ort for the safe combination and pricked her with a syringe filled with lighter fluid after she refused to give Stanewich the number.
 
 
 3
 Meanwhile, Donald's girlfriend managed to get out of the house and called for help. When a police officer arrived at the Van Ort home, he found Stanewich pouring lighter fluid on Donald Van Ort. The officer shot and killed Stanewich.
 
 
 4
 The Van Orts sued the County of San Diego, the County Sheriff's Department, and the Estate of Michael Stanewich in federal district court. The jury awarded the Van Orts $850,000: $170,000 against the Estate of Michael Stanewich and $680,000 against the County. The district court granted the County's motion for judgment as a matter of law and amended the judgment so that 100 percent of the award was against the Estate of Michael Stanewich. We affirmed, but limited the judgment to the Estate's available insurance coverage because the Van Orts failed to file a probate claim with the Estate. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 841-42 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 950, 136 L.Ed.2d 837 (1997).
 
 
 5
 Michael Stanewich and his wife, Kathy Stanewich, had purchased a homeowners insurance policy from Blue Ridge which was in effect during the attempted robbery. The policy provided personal liability coverage for Michael Stanewich and Kathy Stanewich, separately, up to $300,000 per "occurrence." The policy defined an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. bodily injury; or b. property damage." The policy also contained an exclusion for "bodily injury ... which is expected or intended by the insured." Blue Ridge defended Kathy Stanewich, as administratrix of the Estate of Michael Stanewich, throughout the underlying civil rights/tort action under a reservation of rights. In this action, Blue Ridge sued for a declaratory judgment that it had no duty to defend further or to indemnify the Estate in the Van Orts' suit. The district court granted summary judgment in favor of Blue Ridge, and the Van Orts appeal. We have jurisdiction under 28 U.S.C. § 1291.
 
 STANDARD OF REVIEW
 
 6
 A grant of summary judgment is reviewed de novo. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 559, 139 L.Ed.2d 401 (1997). Viewing the evidence in the light most favorable to the nonmoving party, we must determine if there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. If the factual context makes the non-moving party's claim of a disputed fact implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show that there is a genuine issue for trial. California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir.1987).
 
 
 7
 The meaning and construction of an insurance policy is a question of law reviewed de novo. HS Servs., Inc. v. Nationwide Mut. Ins. Co., 109 F.3d 642, 644 (9th Cir.1997). Words used in an insurance policy are to be interpreted according to the plain meaning that a layperson would attach to them. Reserve Ins. Co. v. Pisciotta, 30 Cal.3d 800, 807, 180 Cal.Rptr. 628, 640 P.2d 764 (1982). A policy is ambiguous if it is capable of two or more reasonable constructions. Producers Dairy Delivery Co. v. Sentry Ins. Co., 41 Cal.3d 903, 912, 226 Cal.Rptr. 558, 718 P.2d 920 (1986). Any ambiguities are to be resolved against the insurer. Reserve Ins. Co., 30 Cal.3d at 807, 180 Cal.Rptr. 628, 640 P.2d 764.
 
 DISCUSSION
 A. District Court Jurisdiction
 
 8
 On appeal, both the Van Orts and Blue Ridge asserted that the basis of the district court's jurisdiction over this declaratory judgment action was federal question jurisdiction under 28 U.S.C. § 1331, because the underlying civil rights/tort action included a federal claim arising under 42 U.S.C. § 1983. Because this was obviously incorrect, see Berg v. Leason, 32 F.3d 422 (9th Cir.1994), we raised sua sponte the issue of the district court's subject matter jurisdiction. See Continental Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1522-23 (9th Cir.1987) (appellate court required to consider apparent jurisdictional defect sua sponte ).
 
 
 9
 In its complaint, Blue Ridge alleged diversity of citizenship jurisdiction, but its jurisdictional allegations were deficient. Although it alleged its own citizenship and that of the Van Orts,[1] there was no allegation of the citizenship of the decedent, Michael Stanewich, or of the representative of his estate, Kathy Stanewich.[2] We, therefore, directed the parties "to supplement the record regarding their status for purposes of diversity jurisdiction."
 
 
 10
 "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. See also Luehrs v. Utah Home Fire Ins. Co., 450 F.2d 452, 454 (9th Cir.1971). "In order to avoid dismissal for lack of subject matter jurisdiction, the plaintiff must enlarge the record to show the citizenship of each party as of the date that the complaint was filed." Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir.1993). A plaintiff may be required to submit additional affidavits with respect to the citizenship of the parties to the appellate court. Id.; Canedy v. Liberty Mut. Ins. Co., 126 F.3d 100, 103 (2nd Cir.1997).
 
 
 11
 The certifications of citizenship under penalty of perjury, filed pursuant to the court's order, now show that complete diversity of citizenship existed between the plaintiff and the defendants at the time the complaint was filed: Blue Ridge was incorporated in Maryland with its principal place of business in Texas. The Van Orts, Michael Stanewich and the County of San Diego were citizens of California. No party has contested the representations in the certifications or suggested that the district court did not have jurisdiction. We are now satisfied, on the basis of the record, as supplemented by the certifications of citizenship, that the district court had diversity jurisdiction over this action. As the "defect may be cured by amendment and nothing is to be gained by sending the case back for that purpose," Realty Holding Co. v. Donaldson, 268 U.S. 398, 400, 45 S.Ct. 521, 521-22, 69 L.Ed. 1014 (1925), we deem the pleadings amended and the jurisdictional defect cured.[3] Canedy, 126 F.3d at 103. Because this is a diversity case, we apply California law. HS Servs., 109 F.3d at 644.
 
 B. The Merits
 
 12
 The Van Orts claim that the district court erred in finding that there was no "occurrence" which triggered Blue Ridge's duty to indemnify Stanewich. The policy, which provides indemnification for injury caused by an "occurrence," defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in: a. bodily injury; or b. property damage." The insured has the burden of showing that there was an occurrence. See Interinsurance Exch. of the Auto. Club v. Flores, 45 Cal.App.4th 661, 668, 53 Cal.Rptr.2d 18 (1996) (citing Waller v. Truck Ins. Exch., Inc., 11 Cal.4th 1, 16, 44 Cal.Rptr.2d 370, 900 P.2d 619 (1995)). Therefore, the Estate or, in this case, the Van Orts have the burden of showing that liability resulted from an "accident."
 
 
 13
 The term "accident" is not defined in the insurance policy. In Hogan v. Midland Nat'l Ins. Co., 3 Cal.3d 553, 91 Cal.Rptr. 153, 476 P.2d 825 (1970), the California Supreme Court defined accident as "an unexpected, unforeseen, or undesigned happening or consequence from either a known or unknown cause." Id. at 559, 91 Cal.Rptr. 153, 476 P.2d 825 (lumber deliberately cut too wide to compensate for defective saw was not "accidentally" damaged). "Expected and intended injuries or damage are not accidents." Collin v. American Empire Ins. Co., 21 Cal.App.4th 787, 805, 26 Cal.Rptr.2d 391 (1994). The term "accident" refers to the happening of the event itself and not the consequences of that act. Merced Mut. Ins. Co. v. Mendez, 213 Cal.App.3d 41, 50, 261 Cal.Rptr. 273 (1989).
 
 
 14
 [W]here the insured intended all the acts that resulted in the victim's injury, the event may not be deemed an "accident" merely because the insured did not intend to cause the injury. Conversely, an "accident" exists when any aspect in the causal series of events leading to the injury or the damage was unintended by the insured and a matter of fortuity.
 
 
 15
 Id. See also Commercial Union Ins. Co. v. Superior Court, 196 Cal.App.3d 1205, 1209, 242 Cal.Rptr. 454 (1987) (intentional termination not an accident); Merced, 213 Cal.App.3d at 50, 261 Cal.Rptr. 273 (rape not an accident); Allstate Ins. Co. v. LaPore, 762 F.Supp. 268, 270-71 (N.D.Cal.1991) (defamation not an accident). The district court concluded that the judgment in the underlying action did not stem from an "occurrence" because the undisputed facts showed that Michael Stanewich acted deliberately and intentionally when he assaulted, battered, and attempted to rob the Van Orts.
 
 
 16
 The Van Orts argue for a broader definition of "occurrence" than the district court adopted. The Van Orts claim that an "occurrence," as a layperson would understand the term, may be an event resulting from various causes. The Van Orts cite Allstate Ins. Co. v. Vavasour, 797 F.Supp. 785 (N.D.Cal.1992), for the proposition that an occurrence is not limited to negligent accidents. In Vavasour, the court found that in the absence of an intent to trespass, there was insurance coverage where the insureds unknowingly built part of their driveway on their neighbors' property. Id. at 787. However, the court noted that if the insured intentionally trespassed, then there would be no coverage even if there was no intent to cause injury. Id. at 787-88 (citing Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1365 (9th Cir.1991)). The undisputed facts show that Michael Stanewich forced his way into the Van Ort home, tortured and attempted to rob Donald and Helen Van Ort. Such acts, by any stretch of the imagination, cannot be called accidental.
 
 
 17
 Despite the explicit language in the policy, the Van Orts also argue that an "occurrence" does not necessarily exclude intentional acts and cite Shell Oil Co. v. Winterthur Swiss Ins. Co., 12 Cal.App.4th 715, 748-51, 15 Cal.Rptr.2d 815, 836-39 (1993). However, even if Shell Oil were relevant, the case does not support the Van Orts' argument. In Shell Oil, there were two different definitions of "occurrence" at issue. The pre-1975 policies defined an "occurrence" as "(1) an accident, or (2) continuous or repeated exposure to conditions." The later policies defined an "occurrence" as "an accident, including... exposure ... " The court found that, under the older policies, intentional acts that resulted in unintentional damage may be covered. The later policies, however, required that the events causing the damage must be accidental. The Shell Oil court concluded that where "damage is the direct and immediate result of an intended or expected event, there is no accident." Id. at 751, 15 Cal.Rptr.2d at 838-39. In the Stanewich policy, "occurrence" is limited to "accidents" and the Van Orts cannot show that their injuries were the result of an "accident."
 
 
 18
 The Van Orts argue that Michael Stanewich acted recklessly and negligently, as well as intentionally, and therefore not all of his behavior that caused their injuries was non-accidental. To support this contention the Van Orts point to (1) the jury verdict finding of negligence in the underlying action and (2) the pricking of Helen Van Ort, which the Van Orts claim might have been unintentional. Blue Ridge, however, defended the Estate under a reservation of rights and is not bound by the verdict. See J.C. Penney Cas. Ins. Co. v. M.K., 52 Cal.3d 1009, 1017, 278 Cal.Rptr. 64, 804 P.2d 689 (1991); Gray v. Zurich Ins. Co., 65 Cal.2d 263, 279, 54 Cal.Rptr. 104, 419 P.2d 168 (1966).
 
 
 19
 In the district court, the Van Orts claimed that it is possible that Stanewich recklessly pricked Helen Van Ort with the syringe. However, the district court dismissed this theory of events as implausible. If the factual context makes the non-moving party's claim implausible, then that party must come forward with more persuasive evidence than otherwise would be necessary to show that there is a genuine issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); California Architectural Bldg. Prods., 818 F.2d at 1468.[4] The Van Orts have not pointed to any evidence in the record that indicates that the pricking of Helen Van Ort was accidental. Therefore, we conclude that, based on the undisputed, material (i.e., outcome-determinative) facts, liability arising out of the attempted robbery and battery was not the result of an "occurrence" and that Blue Ridge has no duty to indemnify the Estate.[5]
 
 C. Probate Code
 
 20
 The Van Orts claim that the declaratory judgment issued by the district court applies only to Kathy Stanewich, as administratrix of the Estate, and does not apply to the Estate itself. According to the Van Orts, Blue Ridge was required to name both the Estate and its personal representative in the underlying action which it failed to do. The Van Orts cite Cal. Prob.Code §§ 552 and 553 as support for this proposition. Section 552 provides that "[a]n action under this chapter shall name as the defendant, 'Estate of (name of decedent), Deceased.' " Cal. Prob.Code § 552(a). On motion of an interested party, or on its own motion, the court may substitute the personal representative as the defendant or consolidate the actions against the Estate and the personal representative. Cal. Prob.Code § 552(b), (c). Sections 552 and 553, however, apply only in actions to determine a decedent's liability where the decedent is protected by insurance. Cal. Ins.Code § 550(a); see 4 Witkin, Calif. Procedure, Pleadings § 240(3) (4th ed.1997). Thus, except where §§ 552 and 553 apply, it is proper to name the representative of the estate rather than the estate because an estate is not a legal entity. Estate of Bright v. Western Air Lines, Inc., 104 Cal.App. 2d 827, 828, 232 P.2d 523 (1951) (an estate cannot sue or be sued); Tanner v. Estate of Best, 40 Cal.App.2d 442, 445, 104 P.2d 1084 (1940) (estate not a legal entity). Therefore, the declaratory judgment will preclude further litigation against Blue Ridge seeking indemnification for the judgment in the underlying action.
 
 CONCLUSION
 
 21
 The district court correctly determined that an insurance company which limited its coverage to accidents is not responsible for the liability arising out of an assault and attempted robbery.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 [1]
 Blue Ridge alleged that it was a Maryland corporation with its principal place of business in Texas. It has since moved its principal place of business to Connecticut. Blue Ridge also alleged that the Van Orts were citizens of California; however, this allegation was neither admitted in the Van Orts' answer nor proved up in any way. Although not alleged, defendant County of San Diego is a citizen of California. See Moor v. County of Alameda, 411 U.S. 693, 717-21, 93 S.Ct. 1785, 1799-1802, 36 L.Ed.2d 596 (1973), overruled on other grounds by Monell v. Department of Social Servs., 436 U.S. 658, 696 n. 61, 98 S.Ct. 2018, 2038-39 n. 61, 56 L.Ed.2d 611 (1978)
 
 
 [2]
 "The legal representative of the estate of a decedent shall be deemed a citizen only of the same state as the decedent." 18 U.S.C. § 1332(c)(2)
 
 
 [3]
 Although 28 U.S.C. § 1653 speaks only of amending "[d]efective allegations of jurisdiction" (emphasis added), we deem it to be the better practice that such allegations be supported by prima facie proof. Cf. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989) (§ 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves")
 
 
 [4]
 We hasten to add, however, that neither Matsushita nor California Architectural authorizes a district court to engage in the impermissible weighing of evidence for summary judgment purposes. As Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-52, 106 S.Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986), teaches, the summary judgment standard is the same as that under Fed.R.Civ.P. 50(a), and the inquiry under both is the same: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52, 106 S.Ct. at 2512
 
 
 [5]
 As the Van Orts cannot show that there was an "occurrence" for purposes of insurance coverage, we do not address the policy's explicit exclusion for liability arising from bodily injury "which is expected or intended by the insured," or Cal. Ins.Code § 533 which precludes coverage for "a loss caused by the wilful act of the insured."