Cynthia PELSTER, as guardian ad litem for Amanda Boyer, and Anna Boyer, Plaintiffs,

v.

Greg WALKER, Michelle Reed, Joe Colistro, Denise Kotaniemi, Christin Hanthorn, Steven Funk, Kenneth Hansen, Harry Cheney, the City of Astoria, the Astoria Police Department, Clatsop County, and the Clatsop County Sheriff's Department, Defendants.

No. CIV.00–50–BR.

United States District Court, D. Oregon.

Nov. 27, 2001.

Lynn S. Walsh, Portland, OR, for Plaintiffs.

Gerald L. Warren, Salem, OR, for Defendants.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Defendants' Motion for Summary Judgment (# 73) as to Plaintiffs' First Claim. Plaintiffs Amanda Boyer, through Cynthia Pelster as guardian ad litem, and Anna Boyer, brought this action against Defendants for civil rights violations pursuant to 42 U.S.C. § 1983 and for tort claims under state law, alleging they were involuntarily examined by medical personnel to determine whether they had been sexually assaulted.

On August 20, 2001, the Court granted Defendants' Motion for Summary Judgment (# 73) as to Plaintiffs' Second Claim

and denied Defendants' Motion as to Plaintiffs' Third Claim. The Court requested supplemental briefing concerning Defendants' qualified immunity defense as to Plaintiffs' First Claim and directed the parties specifically to address the two-step analysis set forth in *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2155–57, 150 L.Ed.2d 272 (2001). Defendants' Motion for Summary Judgment as to Plaintiffs' First Claim for civil rights violation under 42 U.S.C. § 1983 is now fully briefed and before the Court for resolution.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a), 1343(3), and 1367(a).

For the reasons that follow, the Court **GRANTS** Defendants' Motion for Summary Judgment (# 73) as to Plaintiffs' First Claim.

## FACTUAL BACKGROUND [1]

On January 8, 1998, medical personnel at Columbia Memorial Hospital in Astoria, Oregon, examined Plaintiffs to determine whether they had been sexually assaulted. These physical examinations and a search of Plaintiffs' home were authorized by the Clatsop County Circuit Court in a search warrant issued on January 7, 1998, in connection with a law enforcement investigation into allegations of criminal mistreatment, drug crimes, alcohol abuse, prostitution, and sexual contact between various adult males and under-aged females. The examinations occurred shortly after the search of Plaintiffs' home and the arrest of their parents. Plaintiff Amanda Boyer was 13 years old, and Plaintiff Anna Boyer was 15 years old. Cynthia Pelster, guardian ad litem of Amanda Boyer, is mother of both Amanda and Anna Boyer. Daniel Boyer is Anna and Amanda Boyer's father.

Defendant Greg Walker, an Astoria police officer, and Defendant Michelle Reed, a Clatsop County detective, were the primary investigators. Defendants Kotaniemi, Cheney, and Hanthorn were present at the hospital when Plaintiffs were examined. Defendants Funk, Colistro, and Hansen were Astoria police officers who assisted in the execution of the search warrant at Plaintiffs' home.

Pelster and Daniel Boyer ultimately were charged with two counts of criminal mistreatment and one count of hindering prosecution.[2] They filed a Motion to Suppress/Motion to Controvert Evidence that officials seized from their home when they executed the search warrant. In an Order issued on April 21, 1998, the Clatsop County Circuit Court ruled there was insufficient evidence to establish probable cause to support the search warrant and granted the Motion to Suppress on state constitutional grounds. In an opinion issued on February 28, 2001, however, the Oregon Court of Appeals reversed the Circuit Court's Order and found the warrant was supported by sufficient evidence of probable cause.

## STANDARDS FOR SUMMARY JUDGMENT

Fed.R.Civ.P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter

---

1. This summary of undisputed facts is taken from Defendants' Concise Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment and Plaintiffs' Response to Concise Statement of Facts in Support of Defendants' Motion for Summary Judgment. Any facts Defendants stated in their Concise Statement that were not denied or controverted by Plaintiffs are deemed admitted for purposes of Defendants' Motion pursuant to Local Rule 56.1(f).

2. *See State v. Pelster,* 172 Or.App. 596, 598, 21 P.3d 106, *rev. den.,* 332 Or. 632, 34 P.3d 1179 (2001).

of law. The moving party must show an absence of any genuine issue of material fact. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 500 (9th Cir.1992). In response to a properly-supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. Fed.R.Civ.P. 56(e). Evidence must be significantly probative to present a genuine issue of material fact. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than would otherwise be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir.1998).

The substantive law governing a claim or defense determines whether a fact is material. *Addisu*, 198 F.3d at 1134. The court must resolve against the moving party all reasonable doubts about whether issues of material fact exist, and the court must view all inferences drawn from the facts in the light most favorable to the nonmoving party. *Id.* A mere disagreement about a material issue of fact does not preclude summary judgment. *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

## DISCUSSION

■ An individual whose federal constitutional rights have been violated by a public official acting under color of state law may sue the official for damages pursuant to 42 U.S.C. § 1983. *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir.2001). Public officials are shielded from liability for civil damages, however, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 806, 102 S.Ct. 2727, 73 L.Ed.2d 396

(1982). "If a public official could reasonably have believed that his actions were legal in light of clearly established law and the information he possessed at the time, then his conduct falls within the protective sanctuary of qualified immunity." *Orin v. Barclay*, 272 F.3d 1207, 1214 (citing *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991)(per curiam)).

Plaintiffs contend the individual Defendants violated Anna and Amanda Boyer's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure by compelling them to undergo medical examinations over their objections. Defendants, however, contend qualified immunity protects the individual Defendants from liability for the alleged constitutional violations.

■ In *Saucier v. Katz*, the Supreme Court clarified the qualified immunity analysis. To determine whether a defendant is protected by qualified immunity, a court must perform a two-step inquiry. 121 S.Ct. at 2156. First, the court must determine whether, "[t]aken in the light most favorable to the party asserting injury, ... the facts alleged show the officer's conduct violated a constitutional right." *Id.*

> If the plaintiff's factual allegations do add up to a violation of the plaintiff's federal rights, then the court must proceed to determine whether the right was 'clearly established,' *i.e.*, whether the contours of the right were already delineated with sufficient clarity to make a reasonable officer in the defendant's circumstances aware that what he was doing violated the right. In essence, at the first step, the inquiry is whether the facts alleged constitute a violation of the plaintiff's rights. If they do, then, at the second step, the question is whether the defendant could nonetheless have reasonably but erroneously believed that

his or her conduct did not violate the plaintiff's rights.

*Devereaux v. Abbey,* 263 F.3d 1070, 1074 (9th Cir.2001)(citing *Saucier,* 121 S.Ct. at 2156).

## I. Defendants Did Not Violate Plaintiffs' Constitutional Rights

■ In their First Amended Complaint, Plaintiffs allege "[t]he individual defendants violated Anna and Amanda Boyer's rights to be free from unreasonable search and seizure as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution." In their response to Defendants' Motion for Summary Judgment, however, Plaintiffs do not refute Defendants' assertion that Plaintiffs' First Claim should be analyzed solely under the Fourth Amendment nor do Plaintiffs offer any analysis under the Fourteenth Amendment. When a particular constitutional amendment "provides an explicit textual source of constitutional protection ... that amendment, not the more generalized notion of 'substantive due process' must be the guide for analyzing these claims." *Albright v. Oliver,* 510 U.S. 266, 281, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). Under the Fourth Amendment, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause ...." U.S. Const. amend. IV. Because Plaintiffs' First Claim asserts Defendants violated Anna and Amanda Boyer's right to be free from unreasonable search and seizure, Plaintiffs' claim must be analyzed under the Fourth Amendment.[3]

As the alleged victims of a crime, Plaintiffs assert they have an absolute right to refuse to be searched or medically examined against their wishes. They contend the medical examinations performed at a hospital by medical personnel and pursuant to a warrant violated their Fourth Amendment rights to be free from unreasonable search and seizure. Plaintiffs do not argue the warrant was invalid or was issued without probable cause. Indeed, the Oregon Court of Appeals found the warrant issued in this matter was supported by probable cause. *See State v. Pelster,* 172 Or.App. at 598, 21 P.3d 106. Instead, Plaintiffs argue victims of crime cannot be compelled to undergo a search over their objection; however, they cite no authority for this proposition.

■ Contrary to Plaintiffs' assertion, the Fourth Amendment applies equally and identically to all persons. Any search or seizure must be reasonable and any warrant must be based on probable cause. No court has recognized a different standard based on an individual's status as a victim, suspect, or defendant.

■ The Court's first inquiry, therefore, is whether the medical examinations of Plaintiffs, conducted subject to a valid warrant, were reasonable. If the examinations were reasonable, no constitutional violation occurred.

> The test for reasonableness is not subject to precise definition or mechanical application. Each individual case requires a balancing of the need for the particular search against the invasion of personal rights the search imposes. Reviewing courts must 'consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'

---

**3.** In any event, the analysis under either amendment is the same. *See Wallis v. Spenc-* *er,* 202 F.3d 1126, 1137 n. 8 (9th Cir.2000).

*Rodriques v. Furtado,* 950 F.2d 805, 811 (1st Cir.1991)(quoting *Bell v. Wolfish,* 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)).

█ The invasion here was serious and constituted a severe intrusion of Plaintiffs' personal privacy and security. Searches of this nature, like body cavity searches, "instinctively give us cause for concern as they implicate and threaten the highest degree of dignity that we are entrusted to protect." *Rodriques,* 950 F.2d at 811. The government, however, has a compelling interest in protecting children from sexual abuse and prosecuting abusers. Plaintiffs, moreover, make no argument that less intrusive means of investigation were available. The search warrant specifically required Plaintiffs to undergo "medical examinations and sexual assault rape kit exams." These examinations were performed in a hospital by a physician and a nurse. The type of evidence sought (pubic hair, DNA from blood and semen samples) is the type of evidence that likely would be lost if not collected expeditiously. Viewing the facts in the light most favorable to Plaintiffs, the medical examinations of Plaintiffs could be described as the equivalent of body cavity searches. Such medical examinations are not *per se* unreasonable. *See Rodriques,* 950 F.2d at 811 (There is no "clearly established right to be free from a manual body cavity search conducted by a licensed physician, in a private and hygienic setting and medically approved manner, pursuant to a warrant issued on probable cause.").

To establish a constitutional violation, Plaintiffs must show the severity of the intrusion outweighed any legitimate government interest in conducting the search and, therefore, the search was unreasonable within the meaning of the Fourth Amendment. Plaintiffs, however, do not provide any analysis of the balancing required under the Fourth Amendment.

Here the medical examinations were conducted in a hospital by trained medical personnel pursuant to a warrant issued on probable cause. The search was not unreasonable by its very nature. Under these facts, the Court finds no violation of the Fourth Amendment. Plaintiffs, therefore, have failed to establish a constitutional violation under the first step of the *Saucier v. Katz* analysis.

## II. Defendants Are Entitled to Qualified Immunity

█ Even if Plaintiffs could establish a violation of their Fourth Amendment rights, Defendants would be entitled to qualified immunity under the undisputed facts. A police officer is generally entitled to qualified immunity for conducting a search pursuant to a facially valid warrant. *Barlow v. Ground,* 943 F.2d 1132, 1139 (9th Cir.1991). The officer has no immunity, however, if a reasonably competent officer would have known the search was illegal in spite of the warrant. *Id.* Officer Walker, who applied for the warrant, is protected by qualified immunity absent some proof that "a reasonably well-trained officer ... would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley v. Briggs,* 475 U.S. 335, 345, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). Plaintiffs have not identified any evidence to support a conclusion that Officer Walker or the officers involved in executing the search warrant had reason to think the affidavit in support of the warrant failed to establish probable cause, or the warrant was defective in any other way, or the search was illegal.

Based on the undisputed evidence, this Court finds a reasonably well-trained officer would have believed the warrant was valid. The individual Defendants, therefore, are entitled to qualified immunity.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion for Summary Judgment (# 73) as to Plaintiffs' First Claim for violation of 42 U.S.C. § 1983. Accordingly, only Plaintiffs' Third Claim in their Second Amended Complaint survives.

IT IS SO ORDERED.