
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL FIELD ESCANDON, | No. 12-56700 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-09484-PSG-PLA |
| v. | |
| LOS ANGELES COUNTY; DEPARTMENT OF PUBLIC WORKS, Department of Human Resources; WILLIAM T. FUJIOKA, Chief Executive Officer, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted August 12, 2014[**]
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Raul Escandon appeals *pro se* from the district court's order granting summary judgment in favor of Los Angeles County, the County's Department of Public Works ("DPW"), the County's Department of Human Resources, and William T. Fujioka (collectively, "the County"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Escandon failed to provide sufficient evidence that his "[o]pposition, pleadings, and submissions adequately showed that genuine triable issues remained as to material facts." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (internal quotation marks omitted)). On de novo review, *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998), we conclude that the district court correctly determined that Escandon filed unauthenticated and uncorroborated documents, some irrelevant, and others not part of his moving papers. Escandon provides no evidence demonstrating the existence of any claim, relying instead on conjecture, conclusory statements, and unsupported claims without evidentiary support. He therefore did not meet his burden of proof necessary to support his claims. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)

(providing that "uncorroborated and self-serving" evidence is insufficient to establish a genuine issue of material fact); *Celotex*, 477 U.S. at 322–23.

Even had he introduced sufficient evidence, Escandon's Title VII discrimination claim regarding the County's alleged failure to promote him to Senior Civil Engineer is unavailing. Because the County assumed that Escandon presented a prima facie case, creating a presumption of discrimination, the burden of production shifted to the County to provide a legitimate, nondiscriminatory reason for its action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The record demonstrates that the County offered sufficient evidence that Escandon was passed for a promotion to Senior Civil Engineer for a nondiscriminatory reason: his performance reviews. Escandon received an appraisal of promotability score of 70 percent, the lowest possible qualifying score for eligibility for a promotion, based on his rater's evaluation as well as three years of work performance evaluations. Escandon failed to show that this moderate performance justification was pretextual. Consequently, the district court correctly granted summary judgment in favor of the County on this claim.

Escandon also did not establish a genuine issue of material fact that he was subjected to racial discrimination under Title VII when not selected for the position of DPW Director. Escandon did not make a prima facie case of discrimination on

3

this claim because he was not qualified for the job. *See McDonnell Douglas*, 411 U.S. at 802 (listing whether a plaintiff "applied and was qualified for a job for which the employer was seeking applicants" as one of the elements of establishing a prima facie case). Absent necessary management experience, Escandon failed to meet the minimum requirements for the Director post when he first applied in 2005 and then again in 2008.

Escandon's claim of disparate impact under Title VII lacks a factual basis. He provides no evidence of a significant disparate impact that is "the systemic result of a specific employment practice." *Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1485 (9th Cir. 1987); *see also Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1190 (9th Cir. 2002) (listing the elements of a prima facie disparate impact claim). As with Escandon's Title VII disparate impact claim, "claims under section 1981 require proof of intentional discrimination." *Jurado v. Eleven-Fifty Corp.*, 813 F.2d 1406, 1412 (9th Cir. 1987). Because "[t]he same standards apply, and facts sufficient to give rise to a Title VII claim are also sufficient for a section 1981 claim," both claims fall together. *Id.*

Finally, Escandon's Title VII claims are time barred under the statute of limitations, s*ee* 42 U.S.C. § 2000e-5(e)(1), as is his Section 1983 claim, having been raised more than two years after the employment decisions occurred, s*ee*

4

*Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 & n.8  (9th Cir. 2011) (noting the two-year limitations period for Section 1983 claims).

We lack jurisdiction to consider Escandon's state law tort claims because he failed to meet his burden of demonstrating that he submitted a government claim to the County.  *See* Cal. Gov. Code §§ 900, et seq. (providing that a plaintiff suing a California public entity for a tort must present to the entity a timely written claim for damages).

The district court did not abuse its discretion in denying Escandon's request to modify its scheduling order, which it interpreted as a request for an extension of time to conduct discovery outside of the discovery period.  Given Escandon's multiple month delay in propounding any discovery, his failure to move to compel responses to his discovery before the discovery cut-off, and his filing of this motion on the last permissible day, the district court correctly determined that Escandon had not been diligent and therefore did not have "good cause" to support his motion.  *See* Fed. R. Civ. Pro. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Escandon's motion to supplement the record and requests for judicial notice and sanctions pursuant to Federal Rule of Evidence 201 are denied.

**AFFIRMED.**