NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIE A. MILLER-SWIFT,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.; et al.,<br><br>        Defendants-Appellees. | No.   18-15518<br><br>D.C. No. 3:17-cv-03408-VC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted August 7, 2019[**]
San Francisco, California

Before:  O'SCANNLAIN, SILER,[***] and NGUYEN, Circuit Judges.

Julie Miller-Swift ("Miller-Swift") appeals from the district court's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

judgment dismissing her wrongful foreclosure claim with prejudice.[1]  We affirm.

As an initial matter, Miller-Swift failed to adequately plead a basis for subject matter jurisdiction.  Specifically, Miller-Swift did not plead a basis for diversity jurisdiction insofar as she described herself as the "former owner" of property in California rather than as a resident or citizen of California, or of any other state.  Miller-Swift filed a declaration with this court clarifying that she is and has been a resident of California throughout this litigation.[2]  In the interest of judicial economy, we deem Miller-Swift's declaration to be a curative amendment to her First Amended Complaint under 28 U.S.C. § 1653 and will proceed to consider the merits.  *See Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1148 (9th Cir. 1998) ("As the 'defect may be cured by amendment and nothing is to be gained by sending the case back for that purpose,' we deem the pleadings amended and the jurisdictional defect cured." (citation omitted)); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612-13 (9th Cir. 2016).

We have jurisdiction under 28 U.S.C. § 1291.  The court applies de novo review to a district court's dismissal for failure to state a claim.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  To state a claim for

---

[1]  Miller-Swift's briefing makes no reference to her cancellation of instruments or slander of title claims.

[2]  We grant Miller-Swift's unopposed motion for leave to attach the declaration to her supplemental brief.

wrongful foreclosure, a plaintiff must allege facts showing, at a minimum, that "defendants caused an illegal, fraudulent, or willfully oppressive sale of the property pursuant to a power of sale in a mortgage or deed of trust . . . ." *Chavez v. Indymac Mortg. Servs.*, 162 Cal. Rptr. 3d 382, 390 (Cal. Ct. App. 2013).

Each of Miller-Swift's wrongful foreclosure theories fails under California law. First, the district court correctly held that Miller-Swift failed to plausibly allege that Mortgage Electronic Registration System, Inc. ("MERS") "exited the chain of title" as a result of an assignment of the note to a non-MERS member. As a matter of California law, MERS had authority to assign the deed of trust. *Herrera v. Fed. Nat'l Mortg. Ass'n*, 141 Cal. Rptr. 3d 326, 334 (Cal. Ct. App. 2012) (concluding that the absence of an express agency agreement between MERS and the eventual noteholder was inconsequential "because [homeowner] agreed in the [deed of trust] that MERS had the right to exercise all rights of the lender," including the right to assign the deed of trust), *disapproved on other grounds by Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845 (Cal. 2016).

Second, Miller-Swift's argument that MERS's assignment of the deed of trust was void fails. Miller-Swift's allegations that someone forged the signature or that the signatory lacked authority to sign the assignment documents do nothing more than attack the assignment as voidable. *See* Cal. Com. Code § 3403(a) ("An unauthorized signature may be ratified"—meaning that the assignment is voidable,

not void.).  Because voidable assignments can be ratified, a borrower cannot use a voidable assignment to challenge the validity of a foreclosure.  *See Yvanova*, 365 P.3d at 856-59.

Third, Miller-Swift's argument that Fannie Mae lacked the authority to direct the foreclosure fails because she must plead facts alleging that it did not receive an assignment of the debt.  Fannie Mae held the note—and MERS was the nominee—at least until the Notice of Default was executed.  On that day, MERS assigned its interest "together with the note" to the loan servicer.  Because the loan servicer could have assigned the note back to Fannie Mae in a private, unrecorded transaction, California courts have required plaintiffs like Miller-Swift to plead facts alleging that Fannie Mae did not receive an assignment of the note "*in any manner.*"  *Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal Rptr. 3d 467, 480 (Cal. Ct. App. 2011), *disapproved on other grounds by Yvanova*, 365 P.3d 845; *Herrera*, 141 Cal. Rptr. 3d at 334-35.  Miller-Swift fails to plead such facts.

**AFFIRMED.**